UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH CHARLES OJEDA,<br>Petitioner,<br>v.<br>JEFF LYNCH, Warden,<br>Respondent. | Case No. 20-07317 EJD (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket No. 5) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. After an initial review, the Court requested the Respondent to file a motion to dismiss the petition as untimely or notice that such a motion is unwarranted. Dkt. No. 4. In lieu of such a motion, Respondent filed a motion to dismiss the petition as second or successive, and without an order from the Court of Appeals for the Ninth Circuit authorizing its filing. Dkt. No. 5. Petitioner filed an opposition, Dkt. No. 10, and Respondent filed a reply, Dkt. No. 11. For the reasons set forth below, the motion to dismiss is **GRANTED**.

///

///

///

## I. BACKGROUND

In 2011, Petitioner was found guilty by a jury in Santa Clara County Superior Court of first degree murder and the personal and intentional use of a firearm, (Cal. Penal Code §§ 187, 12022.53(b)-(c)). Dkt. No. 5 at 2, 5, 13. On October 20, 2011, Petitioner admitted that he had a prior strike conviction. Id. at 20. Petitioner was sentenced to 75 years to life in state prison. Id. at 13.

On September 4, 2013, the California Court of Appeal affirmed the judgment in an unpublished opinion and denied a habeas petition considered with the appeal. Dkt. No. 5 at 5-18. The California Supreme Court denied review of both the direct appeal and the habeas petition on November 26, 2013. Dkt. No. 5 at 22, 24.

On January 9, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.[1] Ojecda v. Muniz, N.D. Cal. Case No. 15-0117 EJD; Dkt. No. 1. On May 10, 2016, the Court denied the petition, denied a certificate of appealability ("COA"), and entered judgment. Id., Dkt. Nos. 15, 16. On January 30, 2017, the Ninth Circuit denied a request for a COA. Ojeda v. Muniz, Ninth Circuit Case No. 16-16061, Dkt. No. 3.

On October 19, 2020, Petitioner filed the instant federal habeas petition, challenging the same 2011 judgment that was the subject of his 2015 federal petition. Dkt. No. 1.

## II. DISCUSSION

### A. Motion to Dismiss

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §

---

[1] A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was pro se litigant, to counter her argument that she deserved special treatment because of her pro se status).

2244(b)(1). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The district court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals. Chades v. Hill, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

Respondent argues that the instant habeas petition is second or successive because Petitioner filed at least one prior habeas petition in this district which challenged the same state conviction out of Santa Clara County. Dkt. No. 5 at 3. Furthermore, Respondent asserts that Petitioner has not applied for or received authorization from the Ninth Circuit to file the present second or successive petition under § 2244(b)(3)(A) and (B). Id.

In opposition, Petitioner does not refute the fact that the instant petition is second or successive. Rather, he asserts that a "failure to resolve the constitutional violations will result in a fundamental miscarriage of justice. Dkt. No. 10 at 1. Petitioner asserts that he is an "'actually innocent' person who was wrongfully convicted of a crime he did not commit." Id. at 1-2. He contends that he can overcome procedural default based on the

3

showing of actual innocence. Id. at 2-4, citing McQuiggen v. Perkins, 569 U.S. 383 (2013).

Respondent asserts in reply that Petitioner's reliance on McQuiggen is unwarranted because the Supreme Court held in that case that proven actual innocence may provide a gateway for a federal court to hear an untimely federal petition. Dkt. No. 11 at 2. Respondent contends that since the present petition is second or successive (in addition to being untimely), the statutory restriction on second or successive petitions applies. Id.

Respondent is correct. Even if Petitioner's claim of actual innocence were meritorious, he is still required to obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a challenge to his state conviction based on a new claim. See 28 U.S.C. § 2244(b)(3)(A). The instant petition is clearly a second or successive petition under 28 U.S.C. § 2244(b). Therefore, Petitioner must first seek and obtain authorization from the Ninth Circuit before this Court can consider his second or successive petition. The Court can do nothing without such authorization. See Chades, 976 F.3d at 1056-57.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, Dkt. No. 5, is **GRANTED**. The instant petition for a writ of habeas corpus is **DISMISSED** as second or successive under 28 U.S.C. § 2244(a) and (b).

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

This order terminates Docket No. 5.

**IT IS SO ORDERED.**

Dated: ___11/24/2021_____

_____
EDWARD J. DAVILA
United States District Judge

Order Granting MTD; Denying COA
PRO-SE\EJD\HC.20\07317Ojeda_grant-mtd(sec&succ)